IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 SEP 30 P 3: 02

2:09CV923-MEF

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) **C O M P L A I N T** |
| READY MIX USA d/b/a COUCH READY MIX USA LLC, | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Roderick Cook, as well as other similarly situated black employees who were adversely affected by such practices. Specifically, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Ready Mix USA LLC d/b/a Couch Ready Mix USA LLC ("Defendant," or "Couch Ready Mix"), discriminated against Cook and other similarly situated black employees by subjecting them to a racially hostile work environment because of their race, black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United District Court for the Middle District of Alabama, Northern Division.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

## PARTIES

4. At all relevant times, Defendant Couch Ready Mix, has continuously been a Delaware corporation doing business in the State of Alabama and the City of Montgomery, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Couch Ready Mix has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Cook filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, Defendant engaged in unlawful employment practices at its Montgomery, Alabama facilities in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, at least one or more of Defendant's supervisors subjected its black employees to racially derogatory insults, offensive racial comments and jokes, and displays of racially offensive symbols, including regular use of the "N" word and the display of a noose at Defendant's facility. This conduct was still occurring as late as October, 2008.

8.  The hostile work environment to which Cook and other similarly situated black employees were subjected was perpetrated by coworkers, employees with direct supervisory authority over them and occurred on a daily or almost daily basis.

9.  Defendant knew or should have known of the racially hostile work environment because its senior managers observed it, because of its frequent and notorious nature, and/or because Cook and other employees complained about it.

10. Respondent failed to take prompt or effective action to prevent, correct or remediate the racially hostile work environment.

11. The effect of the practices complained of above has been to deprive Cook and other similarly situated black employees of equal employment opportunities, and otherwise adversely affect their status as employees because of their race, black.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Cook and other similarly situated black employees aggrieved by the discriminatory practices.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, attorneys, and all persons in active concert or participation with it, from maintaining a racially hostile work environment.

B.  Order Defendant to institute and carry our policies, practices, and programs that provide equal employment opportunities for blacks, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Cook and other similarly situated black employees aggrieved by the discriminatory practices, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    D.    Order Defendant to make whole Cook and other similarly situated black employees aggrieved by the discriminatory practices, by providing compensation for past an future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self esteem, and loss of civil rights, all in amounts to be determined at trial.

    E.    Order Defendant to pay Cook and other similarly situated black employees aggrieved by the discriminatory practices punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 29th day of September, 2009.

                      Respectfully Submitted,

                      JAMES L. LEE
                      Deputy General Counsel

                      GWENDOLYN YOUNG REAMS
                      Associate General Counsel
                      EQUAL EMPLOYMENT OPPORTUNITY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.,
4th Floor, Room 4NE25N
Washington, D.C. 20507

/s/ Marsha L. Rucker

MARSHA L. RUCKER
Senior Trial Attorney
PA. Bar. # 90041

C. EMANUEL SMITH
Regional Attorney
MS Bar # 7473

JULIE BEAN
Supervisory Trial Attorney
DC Bar # 433292

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2046
Facsimile: (205) 212-2041